IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL EARL DAVIS<br><br>        Plaintiff<br><br>   v.<br><br>WELLS FARGO U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2005-11<br>and ASSURANT, INC.<br><br>        Defendants | CIVIL ACTION<br>NO. 14-07014 |

PAPPERT, J.                                                                                                                                                                                                                                                               June 8, 2015

### MEMORANDUM

      Plaintiff Michael Earl Davis ("Davis") brings multiple claims against Wells Fargo U.S. Bank National Association as Trustee for the Structured Asset Investment Loan Trust, 2005-11 ("Wells Fargo")[1] and Assurant, Inc. ("Assurant"). All of his claims stem from a mortgage on a property he owned, force placed insurance on the property, and unrepaired or negligently repaired damage to the property. Davis, however, has already sued Wells Fargo for causes of action based on substantially the same facts that serve as the foundation of his claims here. Claim preclusion bars his subsequent suit, and the Court dismisses Davis' claims against Wells Fargo. Furthermore, Davis sues Assurant even though he fails to show how Assurant was involved in the alleged conduct in any way, other than being the parent company of the company that insured Davis' property. Long-standing tenets of corporate law preclude parent company liability for the acts of its subsidiaries absent reasons to disregard the corporate form. Davis presents no such reasons here. Davis therefore lacks standing to assert his claims against

---

[1]     This party refers to itself as "U.S. Bank" while Davis refers to it as "Wells Fargo." The docket lists this party as "Wells Fargo," so the Court uses that moniker in its memorandum and order.

Assurant, and the Court dismisses those claims for lack of subject matter jurisdiction. Finally, Davis requests leave to add additional defendants, some of which are non-diverse. Addition of these defendants, combined with dismissal of the claims against Wells Fargo and Assurant, would leave the Court with no basis for subject matter jurisdiction. Consequently, the Court must deny Davis' request.

**Factual & Procedural Background**

On July 29, 2005, Davis executed a mortgage for the property located at 4015 Green Street in Philadelphia (the "Property") to BNC Mortgage, Inc. (Am. Compl. ¶ 5, Doc. No. 10.) On January 5, 2008, Wells Fargo locked Davis out of the Property. (*Id.* ¶ 7.) It commenced a foreclosure action against Davis in state court three weeks later. (*Id.* ¶ 8.) Two weeks *after* Wells Fargo initiated the foreclosure action, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for *BMC Mortgage, Inc.*, purported to assign Davis' mortgage on the Property to Wells Fargo. (*Id.* ¶ 9, 10.) The assignment was recorded on February 20, 2008. (*Id.* ¶ 11.) Wells Fargo eventually obtained a default judgment in the foreclosure action.

Davis is a Lieutenant Colonel in the United States Army Reserve. (*See id.* ¶ 12.) In September 2008, while the foreclosure action was ongoing, Davis was ordered to active duty effective October 1, 2008. (*Id.*) Davis immediately provided a copy of his military orders to Wells Fargo and reported to active duty as ordered. (*Id.* ¶¶ 12, 13.) In December 2008, shortly after Davis reported to active duty, Wells Fargo filed a motion to vacate the judgment in the foreclosure action. (*Id.* ¶ 14.) Davis remained on active duty until October 1, 2011. (*Id.* ¶ 13.)

Wells Fargo, through Assurant, put force placed insurance on the Property in April 2009. (*Id.* ¶ 17.) Davis alleges that this insurance was "excessive" and carried an exorbitant premium. (*Id.*) He further alleges that Wells Fargo and Assurant had an illicit agreement through which

Assurant would be Wells Fargo's exclusive provider of force placed insurance. (*Id.* ¶ 88.) In exchange for this exclusive right, Assurant would charge excessive premiums and kick back a portion of this excess to Wells Fargo as a "commission." (*Id.* ¶¶ 88, 90.) Davis alleges that the forced placed policy on his Property was part of this scheme.

On October 12, 2011, just after Davis had returned from active duty, MERS, as nominee for BNC Mortgage, Inc. purported again to assign Davis' mortgage on the Property to Wells Fargo, despite the fact that BNC Mortgage, Inc. had filed for bankruptcy nearly three years prior. (*Id.* ¶¶ 15, 18.) Shortly thereafter, Wells Fargo inspected the Property and discovered a roof leak that was damaging the ceiling, wall, and floor in the master bedroom. (*Id.* ¶ 19.) Wells Fargo filed a claim with Assurant with regard to the damage. (*Id.* ¶ 20.) Mike Campanella of American Security Insurance Company ("ASIC") inspected the Property and provided a damage estimate report. (*Id.* ¶ 21.) Wells Fargo and Assurant settled the claim for $317, but Wells Fargo never repaired the roof leak or the damage to the master bedroom. (*Id.* ¶¶ 22-24.) The Property continued to deteriorate. (*Id.*)

Nearly a year later, Davis received a violation notice from the City of Philadelphia stating that the Property was in an unsafe condition. (*Id.* ¶ 25, Ex. 11.) The notice stated that the rear wall of the third floor was partially collapsed. (*Id.*) Upon receiving the notice, Davis wrote to Wells Fargo and requested entry into the Property. (*Id.* ¶ 26.) Wells Fargo sent Davis the keys to the Property several days later. (*Id.* ¶ 27.) Davis then filed a claim with Assurant regarding the roof leak and damage to the back wall. (*Id.* ¶ 28.) He did not know that Wells Fargo had previously filed a claim for the same damage. (*Id.* ¶ 29.) He only became aware of the prior claim when Assurant denied his claim on October 28, 2012. (*Id.* ¶ 32.) When Davis received the

denial letter, he became aware that "Wells Fargo's Forced Placed Insurance was a sham . . . ." (Pl.'s Mem. Opp'n Wells Fargo Mot. Dismiss at 11, Doc. No. 28-1.)

Ten days before Davis' insurance claim was denied, Davis sued Wells Fargo in federal court. (E.D. Pa. Case No. 12-cv-05943.) Davis amended his complaint in that case on December 7, 2012. (*Id.*, Doc. No. 10.) Davis asserted claims against Wells Fargo for trespass and violation of the Service Members Civil Relief Act ("SCRA"). (Am. Comp. ¶ 30.) On January 24, 2013, Judge Savage dismissed Davis' SCRA claim and declined to exercise supplemental jurisdiction over his trespass claim. (*See id.* ¶ 34.) Judge Savage noted that Davis would not be barred from reasserting his trespass claim in state court on statute of limitations grounds if he were to "promptly file[] a certified transcript of the judgment and pleadings filed in this action." (Mem. Opinion at 2 n.1, Case No. 12-cv-05943, Doc. No. 22.); *see also* 42 Pa.C.S. § 5103(b).

Davis initiated this action on December 11, 2014. He filed an amended complaint on February 4, 2015. The amended complaint asserts claims for trespass (Count I), breach of contract (Count II), negligence (Count IV), fraud (Count VI), loss of rental income (Count VIII), breach of the implied covenant of good faith and fair dealing (Count X), and violation of the anti-tying provision of the Bank Holding Company Act, 12 U.S.C. § 1972, (Count XI) against Wells Fargo. It asserts claims for breach of contract (Count III), negligence (Count V), fraud (Count VI), bad faith (Count VII), loss of rental income (Count VIII), and violation of the anti-tying provision of the Bank Holding Company Act (Count XI) against Assurant. Finally, the amended complaint requests that the Court set aside the mortgage assignments to Wells Fargo as fraudulent (Count IX).

Shortly after filing the amended complaint, Davis filed a motion to add additional defendants under Rule 20 of the Federal Rules of Civil Procedure. (Doc. No. 13.) Davis proposes to add as defendants MERS, the attorney who signed the first mortgage assignment on behalf of MERS, and that attorney's law firm. (*See id.*) Both Wells Fargo and Assurant filed motions to dismiss the amended complaint. (Doc. Nos. 18, 35.) All three motions are fully briefed and ripe for decision. The Court grants Wells Fargo and Assurant's motions and denies Davis' motion.

**Discussion**

<u>Davis' Claims against Assurant</u>

Assurant moves to dismiss Davis' complaint on multiple grounds, among them that subject matter jurisdiction is lacking and dismissal is proper pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion can present either a facial attack or a factual attack on the Court's jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When considering a facial attack, the Court "must consider the allegations of the complaint as true." *Id.* When considering a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Here, Assurant presents a factual attack on the Court's jurisdiction, arguing that Davis lacks Article III standing to maintain his claims against Assurant. "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). To satisfy Article III standing, a plaintiff must show: (1) the invasion of a concrete and particularized legally protected interest and resulting injury in fact that is actual or imminent, not

conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of, meaning that the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Assurant attacks Davis' claims on both the causation and redressability elements of standing. In support of its argument, Assurant submits a declaration stating that it is a holding company with a separate corporate existence from ASIC, that it is not involved in ASIC's daily business operations, that it has never sold or underwritten insurance policies, that it does not contract with mortgage lenders and servicers to provide force placed insurance, and that it has never contracted or done business with Davis. (Olich Declaration ¶¶ 13, Doc. No. 35-3.) In short, it contends that Davis' dispute is not with Assurant but with Assurant's wholly owned subsidiary ASIC. It therefore concludes that Davis' alleged injury is not fairly traceable to Assurant's conduct and a judgment against Assurant would not redress Davis' alleged injury so that Davis lacks standing and the Court lacks subject matter jurisdiction over Davis' claims against Assurant. The Court agrees and grants Assurant's motion.

To rebut Assurant's submitted declaration, Davis points to Assurant's 10-K form and other public documents to show that Assurant is an insurance company. Other courts have considered and rejected this approach under reasoning that the Court finds persuasive and applicable here. *See, e.g.*, *Roberts v. Wells Fargo Bank, N.A.*, No. 12-cv-200, 2013 WL 1233268, at *7 (S.D. Ga. Mar. 27, 2013) ("Assurant's wholly owned subsidiaries—most importantly ASIC—do sell the insurance products that Roberts challenges in this suit. But Assurant itself

does not.  It is a mere holding company, a corporation designed only to own other corporations and profit from that ownership."); *Xi Chen Lauren v. PNC Bank, N.A.*, No. 13-cv-762, 2013 WL 5565511, at *4 (W.D. Pa. Oct. 8, 2013) (same); *see also, e.g.*, *Cochran-May v. Wells Fargo Bank, NA*, No. 12-cv-240, 2014 WL 361177, at *2 (S.D. Tex. Feb. 3, 2014); *Montoya v. PNC Bank, N.A.*, No. 14-20474, 2014 WL 4248208, at *5 (S.D. Fla. Aug. 27, 2014); *Cannon v. Wells Fargo Bank N.A.*, 917 F. Supp. 2d 1025, 1032 (N.D. Cal. 2013).

Furthermore, the documents before the Court make clear that ASIC is the real party in interest.  Davis' insurance policy prominently shows that it was issued by ASIC.  (*See* Residential Ins. Policy, Doc. No. 35-4.)  ASIC inspected the property in 2011 and provided the damage estimate for the roof leak.  (Am. Compl. Ex. 7.)  Correspondence regarding Davis' insurance policy and claims are all addressed to or from ASIC.  (*Id.*, Exs. 8, 12, 14.)  The claim check for the roof leak is from ASIC.  (*Id.*, Ex. 10.)  Indeed, every time Davis names Assurant in an allegation in the amended complaint, it appears to be based on Davis' assumption that Assurant *is* ASIC.  Yet there are no facts alleged in the amended complaint to allow the Court to disregard the "general principle of corporate law . . . that a parent corporation . . . is not liable for the acts of its subsidiaries."  *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998).

In opposing Assurant's motion, Davis makes a number of allegations in an attempt to "pierce the corporate veil" to hold Assurant liable for the alleged conduct of ASIC.  (*See, e.g.*, Pl.'s Mem. Opp'n Assurant Mot. Dismiss at 14, Doc. No. 44-1 ("Clearly, [ASIC] is merely an alter ego of Assurant, which exercised complete management and control over Plaintiff's force placed lender policy.").  None of those allegations, however, are contained in the amended complaint, and "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir.

7

1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Davis cannot avoid dismissal on a veil piercing theory where his amended complaint contains no facts to support that theory. *See Accurso v. Infra-Red Servs., Inc.*, 23 F. Supp. 3d 494, 510 (E.D. Pa. 2014) ("Although veil-piercing is not a separate cause of action, but rather a basis for a cause of action against particular individuals, on a motion to dismiss (or motion for judgment on the pleadings), a court must examine whether the facts pleaded state a cause of action on a theory of piercing the corporate veil.") (quotation omitted).

Davis lacks Article III standing to assert his claims against Assurant; the Court thus lacks subject matter jurisdiction over those claims. Assurant's motion to dismiss pursuant to Rule 12(b)(1) is granted accordingly. Because the Court determines that it lacks subject matter jurisdiction over Davis' claims against Assurant, the Court does not address Assurant's other arguments in support of dismissal.

Davis' Claims against Wells Fargo

Wells Fargo moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the sufficiency of the factual allegations in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When confronted with a Rule 12(b)(6) motion, a district court must conduct a two-step analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. Then, it "must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). When making this determination, the court can consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben.*

8

*Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The district court must "construe the complaint in the light most favorable to the plaintiff . . . ." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Wells Fargo first asserts that Davis' claims against it are barred by the doctrine of res judicata. Res judicata is an affirmative defense that can be asserted by way of a Rule 12(b)(6) motion. *See Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). When a res judicata defense is raised in this manner, "the court can take notice of all facts necessary for the decision" without converting the motion to dismiss to a motion for summary judgment. *See Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008). "Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties." *Id.*

The purpose of res judicata or claim preclusion "is to avoid piecemeal litigation of claims arising from the same events." *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999). The doctrine applies to bar a subsequent suit where there was a final judgment on the merits in a prior suit involving the same parties or their privies and based on the same cause of action. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014). Courts take a "broad view of what constitutes the same cause of action," and "res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) (quotations omitted). "Parties to a previous lawsuit are also barred from raising new or different legal theories that are based upon the previous suit's underlying facts." *Weber v. Henderson*, 275 F. Supp. 2d 616, 620 (E.D. Pa. 2003). Additionally, "[t]he doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 205, 225 (3d Cir. 2008).

Here, Davis concedes there was a prior action against Wells Fargo or its privy that resulted in a final judgment. (Pl.'s Mem. Opp'n Wells Fargo Mot. Dismiss at 8.) He nevertheless argues that claim preclusion does not bar his claims in this suit. He notes that the instant suit alleges causes of action for breach of contract, negligence, and fraud that were not raised in the prior action. He further argues that he could not have brought these claims in the prior action because he "had no knowledge of the facts underlying the new claims, when he filed his first complaint against Wells Fargo." (*Id.* at 9.) Davis argues that his trespass claim against Wells Fargo is not barred because it rests on a different theory of liability than did his trespass claim in the prior action.

Davis' arguments have no merit. Davis filed an amended complaint in the prior action on December 7, 2012. (Civil Action No. 12-05943, Doc. No. 10.) According to his own statements, Davis knew all of the facts necessary to assert the "new claims" against Wells Fargo, at the very latest, over a month before he filed that amended complaint. (*See id.* at 11-12 (acknowledging that Davis "learned that Wells Fargo's Forced Placed Insurance was a sham on October 28, 2012, when Assurant informed him that Wells Fargo settled damage claims to the property, for a paltry $317.00 . . . .").) Likewise, the mortgage assignments upon which Davis bases his mortgage fraud claims were executed in February 2008 and October 2011, well before Davis initiated the prior action. Yet Davis did not allege claims against Wells Fargo for breach of contract, negligence[2], insurance fraud, mortgage fraud, breach of the implied covenant of good faith and fair dealing, or violation of the anti-tying provisions of the Bank Holding Company Act in the prior action. Because those claims could have been asserted in the prior action, Davis is barred

---

[2] Davis makes a single conclusory allegation that Wells Fargo negligently replaced the back wall of the Property in June 2013 (Am. Compl. ¶ 35). Yet the factual allegations in the amended complaint make clear that Davis' negligence claim is based on Wells Fargo's failure to repair the roof leak in October 2011. (*Id.* ¶ 117.) Davis could have asserted this claim in the prior action so that claim preclusion bars it here.

from asserting them in this action under the doctrine of res judicata or claim preclusion. Counts II, IV, VI, IX, X, and XI are accordingly dismissed with respect to Wells Fargo.

Because the Court in the prior action declined to exercise supplemental jurisdiction over Davis' trespass claim and dismissed it without prejudice, however, claim preclusion does not bar Davis from reasserting that claim. *See Bamgbose v. Delta-T Grp., Inc.*, 724 F. Supp. 2d 510, 519 (E.D. Pa. 2010) ("Res judicata and collateral estoppel are not triggered when a court decides something without prejudice . . . ."). Nevertheless, that claim is barred by the statute of limitations. Trespass claims are subject to a two-year limitations period under Pennsylvania law. 42 Pa.C.S. § 5524(4). Davis alleges that Wells Fargo trespassed on his property by locking him out from January 2008 through September 2011. (Am. Compl. ¶¶ 47, 48, 51.) Davis' trespass claim was therefore barred by the statute of limitations, at the very latest, as of September 2013.

Recognizing that the limitations period for Davis' trespass claim may have expired during the pendency of the prior action, when dismissing that action, Judge Savage noted that under Pennsylvania law, Davis could still maintain his trespass claim if he promptly filed the action in state court. *See* 42 Pa.C.S. § 5103(b) (providing that plaintiff who files a timely claim in federal court that is subsequently dismissed for lack of jurisdiction can refile the claim in state court despite expiration of the limitations period); *Kelly v. Hazelton Gen. Hosp.*, 837 A.2d 490, 494 (Pa. Super. Ct. 2003) ("The stated policy behind [§ 5103(b)] is to preserve a claim or cause of action timely filed in federal court on the ground that the claimant should not lose her opportunity to litigate the merits of the claim simply because she erred regarding federal jurisdiction."). Davis waited nearly two years to refile his trespass action. This does not constitute a prompt refiling. *See, e.g., Ferrari v. Antonacci*, 689 A.2d 320, 323 (Pa. Super. Ct.

1997) (one-year delay was not prompt so as to preserve claim under § 5103(b)). As a result, his trespass claim (Count I) is dismissed as time-barred.

The Court also dismisses Davis' claim against Wells Fargo for loss of rental income (Count VIII). The Court construes this as an element of damages rather than an independent cause of action. As no substantive count remains upon which to predicate this element of damages, it is dismissed.

<u>Davis' Motion to Add Additional Defendants</u>

Davis moves the Court pursuant to Rule 20 of the Federal Rule of Civil Procedure to add as defendants MERS, the attorney who signed the first mortgage assignment, and the law firm for which that attorney works. (*See* Mot. to Add Add'l Defs., Doc. No. 13.) The Court denies the motion. The additional defendants are implicated only in Davis' state law claims, and two of the proposed additional defendants are non-diverse, so that their joinder would destroy diversity jurisdiction under 28 U.S.C. § 1332. Moreover, Davis' claim for violation of the anti-tying provision of the Bank Holding Company Act, the only federal claim that could possibly support supplemental jurisdiction pursuant to 28 U.S.C. § 1367, has been dismissed, *supra*. Therefore, allowing Davis to add the additional defendants at this point would result in an action involving only state law claims between non-diverse parties. The Court does not have subject matter jurisdiction over such a suit. Davis' motion is denied accordingly.

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.