IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL EARL DAVIS,<br><br>    *Plaintiff*,<br><br>  v.<br><br>WELLS FARGO U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2005-11<br>and ASSURANT, INC.,<br><br>    *Defendants*. | CIVIL ACTION<br>NO. 14-07014 |

**PAPPERT, J.**                            **AUGUST 23, 2016**

## MEMORANDUM

Michael Earl Davis ("Davis") filed a motion for sanctions against the sole defendant remaining in the case, Assurant, Inc. ("Assurant"). Davis contends that Assurant committed "egregious misconduct" by attaching to its motion to dismiss Davis's amended complaint a declaration containing various "blatant" falsehoods. For the reasons that follow, the Court denies the motion.

**I.**

Davis initiated this action on December 11, 2014 and filed an amended complaint on February 4, 2015. (Pl.'s Am. Compl., ECF No. 10.) Davis originally sued Wells Fargo U.S. Bank National Association as Trustee for the Structured Asset Investment Loan Trust, 2005-11 ("Wells Fargo") and Assurant. (Pl.'s Compl., ECF No. 1.) His claims against both defendants arise from damage to a property he owned after Wells Fargo, as a purported assignee of Davis's mortgage, locked him out of his home. Davis also sued Assurant, believing it to be the provider of insurance on the property. (*Id.*) His amended complaint asserts against Assurant claims for

1

breach of contract (Count III), negligence (Count V), fraud (Count VI), bad faith (Count VII), loss of rental income (Count VIII) and violation of the anti-tying provision of the Bank Holding Company Act (Count XI).  (*Id.*)

### A.

On March 30, 2015 Assurant filed a motion to dismiss Davis's amended complaint, arguing that the Court should dismiss the claims against it: (1) for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5); (2) lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because Davis "sued the wrong party;" and (3) because even if the Court finds that it has subject matter jurisdiction, Davis's amended complaint fails to state claims upon which relief can be granted pursuant to Rule 12(b)(6).  (Assurant's Mot. to Dismiss ("Assurant's Mot.") at 4–16, ECF No. 35.)

In arguing that Davis sued the wrong party, Assurant contended that it is not an insurance company and has never underwritten or sold insurance in Pennsylvania.  It argued that the allegations in Davis's amended complaint do not relate to Assurant, but instead "concern the independent actions of" American Security Insurance Company ("ASIC"), an Assurant subsidiary that sold and placed insurance.  (*Id.* at 7.)  It contended that because the conduct alleged in Davis's amended complaint is not "fairly traceable" to Assurant, "both causation and redressability are absent" and Davis "lacks standing to sue."  (*Id.* at 7–8.)

In support of that argument, Assurant attached to its motion a declaration from Jessica Olich, Vice President and Assistant Secretary of Assurant, Inc.  (Assurant's Mot., Ex. A ("Olich Decl."), ECF No. 35-3.)  Olich declared that ASIC has a separate corporate existence from Assurant, and that "Assurant, Inc. is not, and has never been, an insurance company, and has never sold, underwritten, issued, or marketed insurance policies in the Commonwealth of

2

Pennsylvania."  (*Id.* ¶ 10.)  She further swore that Assurant has never issued any insurance policy or endorsement to Davis or his property, and has never otherwise contracted or done business with Davis.  (*Id.* ¶¶ 11–13.)

**B.**

On May 13, 2015 Davis filed a motion for sanctions against Assurant, arguing that Olich's "averments that . . . Assurant had nothing to do with managing the [insurance] policy and, in fact is not even an insurance company . . . is patently false and [an] absurd perjured statement on its face."  (Pl.'s Mot. for Sanctions ¶ 7 ("Pl.'s Mot."), ECF No. 45.)  Davis lists the various ways in which Assurant is "involved in lender placed insurance, through its operating segment, Assurant Specialty Property."  (*Id.* ¶ 8.)  He further argues that although ASIC is a wholly owned subsidiary of Assurant, it "does not acts as an independent entity" and Assurant "directly controls ASIC through an Enterprise Risk Management Committee."  (*Id.* ¶¶ 9–10.)

Davis does not specify the procedural rule pursuant to which he seeks sanctions, nor does he point to any legal precedent which would support his request on the facts of this case.  He instead contends that Olich's "egregious misconduct in blatantly lying to a United States District Court about Assurant's business portfolio and role in managing Plaintiff's forced placed insurance policy, is wholly contemptuous of the dignity of the entire Federal Judiciary."  (*Id.* ¶ 19.)  He argues that "deterring this level of corporate chicanery is paramount to protecting the public interest," and that the Court should accordingly "impose sanctions of $10 million on Defendant Assurant and Jessica Olich."  (*Id.* ¶ 21–22.)

In response, Assurant contends that Davis's motion is, among other things, "an utter waste of the Court's time" and is itself sanctionable under Rule 11(b).  (Assurant's Opp. to Pl.'s

Mot. at 1–2, ECF No. 49.) Assurant also points out that the Olich declaration has been accepted and relied upon by other federal courts when assessing Assurant's corporate structure. (*Id.* at 2.)

### C.

On June 8, 2015 the Court granted Assurant's motion to dismiss. *Davis v. Wells Fargo U.S. Bank Nat. Ass'n*, No. 14-cv-07014, 2015 WL 3555301, at *1 (E.D. Pa. June 8, 2015).[1] The Court held, in part, that Davis lacked standing to sue Assurant since he did not allege any facts in his amended complaint "to allow the Court" to pierce the corporate veil. *Id.* at *4. The Court found, based in part on Olich's declaration, that "ASIC is the real party in interest" and Davis accordingly lacked standing to sue Assurant. Davis appealed that decision, and the Third Circuit Court of Appeals affirmed in part and vacated in part. *See Davis v. Wells Fargo*, 824 F.3d 333 (3d Cir. 2016).

Specifically, the Third Circuit upheld the Court's dismissal of the claims against both Assurant and Wells Fargo except for Davis's breach of contract claim against Assurant. The court reasoned that, given that Davis alleges that Assurant is the insurance carrier on the policy and does not otherwise address the corporate distinction between Assurant and ASIC, "[t]here is no veil to pierce." *Id.* at 347. Accordingly, it held that Assurant's argument was more properly analyzed pursuant to Rule 12(b)(6) rather than Rule 12(b)(1) and vacated that portion of the Court's decision.[2] *See id.* at 347–48.

### II.

On the assumption that Davis proceeds under Rule 11, that rule imposes an affirmative duty on an attorney and/or a party to conduct a reasonable inquiry into the factual and legal bases

---

[1] In that memorandum and corresponding order, the Court also granted a separate motion to dismiss filed by Wells Fargo. (ECF Nos. 50–51.)

[2] The Third Circuit affirmed the Court's decision with respect to dismissing Davis's bad faith, negligence, fraud, Bank Holding Company Act and loss of rental income claims. *See generally Davis*, 824 F.3d at 333.

of all claims before filing any document with the court.  *See Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991); *see also Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994).  Rule 11, in relevant part, provides:

> (b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

FED. R. CIV. P. 11(b)(1)–(3).

The standard applied by the Court when determining whether a party has violated Rule 11 is an objective standard of reasonableness under the circumstances.  *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 92 (3d Cir. 1988); *see also Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 185 (3d Cir. 2008) ("It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court.").  The Third Circuit Court of Appeals has stated that "[a]n inquiry is considered reasonable under the circumstances if it provides the party with an objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.,* 38 F.3d 1303, 1314 (3d Cir. 1994) (citations and internal quotation marks omitted).

The purpose of Rule 11 is "to curb abusive litigation tactics and misuse of the court's process." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). As the Third Circuit has emphasized, however, Rule 11 is meant to penalize a lawyer for irresponsible and abusive tactics, not to penalize him for bringing a weak claim in good faith. *See Mary Ann Pensiero, Inc.*, 847 F.2d at 94–95 ("Rule 11 targets abuse—the Rule must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute.") (citation and internal quotation marks omitted). Further, "[t]he rule is not an appropriate vehicle for resolving legal or factual disputes." *StrikeForce Techs., Inc. v. WhiteSky, Inc.*, No. 13-cv-1895, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013) (citations omitted).

The imposition of sanctions pursuant to Rule 11 is reserved for "exceptional circumstances," *Gaiardo*, 835 F.2d at 483, and is not warranted here. The basis for Assurant's filing of Olich's declaration in support of its motion to dismiss is well-grounded in fact and law. Assurant based its contention on two other district court decisions that relied on declarations similar to Olich's and declined to pierce the corporate veil against Assurant: *Xi Chen Lauren v. PNC Bank, N.A.*, No. 13-cv-762, 2013 WL 5565511 (W.D. Pa. Oct. 8, 2013); and *Roberts v. Wells Fargo Bank, N.A.*, No. 12-cv-200, 2013 WL 1233268 (S.D. Ga. Mar. 27, 2013). (Def.'s Opp. to Pl.'s Mot. at 2, ECF No. 49.) The Third Circuit recognized the holdings of these cases—in addition to similar holdings in two other cases[3]—but ultimately "reject[ed] their reasoning." *Davis*, 824 F.3d at 350 n.20. That Assurant's argument ultimately failed on the merits does not transform its filing into sanctionable conduct. *See Gaiardo*, 835 F.2d at 483 ("Litigants misuse [Rule 11] when sanctions are sought against a party or counsel whose only sin was being on the

---

[3] The Third Circuit also cited to *Montoya v. PNC Bank, N.A.*, No. 14-cv-20474, 2014 WL 4248208, at *5 (S.D. Fla. Aug. 27, 2014) and *Cochran–May v. Wells Fargo Bank, NA*, No. 12-cv-240, 2014 WL 361177, at *2 (S.D. Tex. Feb. 3, 2014).

unsuccessful side of a ruling or judgment.  Restated, Rule 11 sanctions . . . do not automatically or usually follow an adverse judgment or ruling. Substantially more is required.").

Davis's disagreement with Olich's sworn statements is a factual dispute more appropriately addressed on the merits.  Indeed, Davis included many of the same arguments he makes here in his opposition to Assurant's motion to dismiss.  (Pl.'s Opp. to Assurant's Mot., ECF No. 44.)  He may, if necessary, raise similar arguments at summary judgment once the parties have had the benefit of discovery.  A Rule 11 motion, however, is not the appropriate vehicle to resolve these disputed facts at this stage.

An appropriate Order follows.


                                      BY THE COURT:


                                      ***/s/ Gerald J. Pappert***
                                      GERALD J. PAPPERT, J.